[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Town of Darien, has filed identical motions to dismiss in these two tax appeals by the plaintiffs, Old Kings Highway South Associates and Cingari Realty, a/k/a Cingari Realty Co., claiming in each case that this court lacks subject matter jurisdiction because the plaintiffs "have failed to exhaust their administrative remedies." As was stated in State v. Carey,222 Conn. 299, 305, 610 A.2d 1147 (1992), "[o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case."
The motions are based on General Statutes 12-113, which provides that "[t]he board of tax review shall not reduce the list of any person who does not appear, either in person or by his attorney or agent, and offer or consent to be sworn before it and answer all questions touching his taxable property situated in the town." "The failure to exhaust applicable administrative remedies deprives the court of subject matter jurisdiction." Hyatt v. City of Milford, 26 Conn. App. 194, 197, 600 A.2d 5
(1991).
The defendant claims that the agent or representative of the two plaintiffs, Francis K. Kirwin, an appraiser, failed to answer a number of questions on a certain form entitled "Petition to Board of Tax Review for Correction of Assessed Value of Real Estate on the Grand List of . . ." There are twelve questions on this form, including the name of the owner, the address of the property, and its assessed valuation. Mr. Kirwin answered these questions, but did not answer the remaining eight questions which included the proposed fair market value, the date and cost of purchase, cost of any new construction or improvements, type of property and amount of rent, if any, and the basis for the objection to the assessment.
An evidentiary hearing on the motion to dismiss was held pursuant to Standard Tallow Corp v. Jowdy, 190 Conn. 48, 56,459 A.2d 503 (1983). Mr. Kirwin testified that he was given the form in question upon his arrival at the Board of Tax Review hearing, and that he signed it in the presence of a notary public whose certificate indicates that Mr. Kirwin personally appeared before her, signed the application, and swore that he was an owner or CT Page 11267 agent of the owner, and that the statements in the petition were true. The witness further testified that he was subsequently called up before the board but that the members did not ask him any questions, including those that were left blank on the application. Mr. Kirwin conceded that he did not know the precise answers to most of the questions on the petition since he had been retained by the owner only a week or so before appearing at the hearing in question.
I believe that there was sufficient compliance with General Statutes 12-113. Although it is true that Mr. Kirwin did not know the exact answers to most of the questions on the petition form, he did attend the hearing as agent for the owner, was sworn in, and did consent to answer any questions by the board.
Accordingly, the motions to dismiss filed in both cases by the defendants are denied.
So Ordered.
Dated at Stamford, Connecticut, this 17th day of December, 1992
William B. Lewis, Judge